UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MICHAEL HAYNES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br><br>AMERICAN PIZZA PARTNERS, LP, and DOES 1 to 25,<br><br>Defendants. | Case No. 1:25-cv-02120<br><br>NATIONWIDE<br><br>CLASS ACTION COMPLAINT |

NATIONWIDE CLASS ACTION COMPLAINT

COMES NOW, Plaintiff MICHAEL HAYNES ("Plaintiff" or "Mr. Haynes"), on behalf of himself and all others similarly situated, and asserts as follows:

INTRODUCTION

1. Michael Haynes, a person with a mobility disability who uses a wheelchair for mobility, brings this action individually and on behalf of all others similarly situated against Defendants American Pizza Partners, LP, and DOES 1 through 25 (collectively, "Defendants"), asserting violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA"), and its implementing regulations. Defendants collectively own, lease, and/or operate at least ninety (90) Pizza Hut restaurants in the states of Colorado, Louisiana, Montana, Oklahoma, Texas, and Wyoming. Mr. Haynes' claims arise from his own experience with excessive sloping conditions in purportedly accessible parking spaces, access aisles, and curb ramps ("Parking Area" or "Parking Areas") at places of public accommodation owned, operated, controlled, and/or leased

by Defendants ("Defendants' facilities"), and from site investigations at seven (7) of Defendants' facilities also finding excessive sloping conditions.

2. Mr. Haynes asserts that these excessive sloping conditions persist in part as a result of Defendants' existing but inadequate internal maintenance policies, practices and/or procedures, which fail to ensure compliance with the sloping requirements of the ADA's implementing regulations. See 28 C.F.R. §§ 36.101 et seq.

3. The ADA expressly authorizes the injunctive relief aimed at modification of existing policies, practices, and/or procedures that Mr. Haynes seeks in this action. In relevant part, the ADA states:

> In the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities. … Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy…

42 U.S.C. § 12188(a)(2).

4. Based on the extensive factual investigation performed by Mr. Haynes' investigators, he believes and therefore asserts that numerous additional facilities owned, controlled, and/or operated by Defendants have Parking Areas that are, or have become, inaccessible to individuals who rely on wheelchairs for mobility due to excessive sloping, demonstrating that Defendants' existing internal maintenance policies, practices and/or procedures (discussed at ¶¶ 18-23 below) are inadequate and must be modified. 42 U.S.C. § 12188(a)(2).

5. Mr. Haynes brings this action individually and on behalf of all other similarly situated wheelchair users to compel Defendants to (i) remediate all access barriers within the Parking Areas of their facilities, and (ii) modify existing policies, practices and/or procedures to ensure that their facilities comply with the ADA's implementing regulations' excessive sloping requirements. 28 C.F.R. §§ 36.101 et seq.

6. Consistent with 42 U.S.C. § 12188(a)(2), Mr. Haynes seeks a permanent injunction requiring that:

   a. Defendants remediate excessive sloping within the Parking Areas at Defendants' facilities, consistent with the ADA's implementing regulations;

   b. Defendants modify their existing policies, practices and/or procedures to ensure that the excessive sloping conditions within the Parking Areas at Defendants' facilities do not reoccur; and

   c. Plaintiff's representatives shall monitor Defendants' facilities to ensure that the injunctive relief ordered pursuant to Paragraph 6.a. and 6.b. has been implemented and will remain in place.

7. Plaintiff's claims for permanent injunctive relief are asserted as class claims pursuant to Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) was specifically intended to be utilized in civil rights cases where the Plaintiff seeks injunctive relief for his own benefit and the benefit of a class of similarly situated individuals. To that end, the note to the 1996 amendment to Rule 23 states:

> Subdivision(b)(2). This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate . . .. Illustrative are various actions in the civil rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration.

## PARTIES

8. Plaintiff Michael Haynes is, and at all times relevant hereto was, a resident of Austin, Texas. Plaintiff is a person with a mobility disability stemming from a gunshot when he was 20 years old. As a result of his disability, Plaintiff uses a wheelchair for mobility. Despite his significant injuries, Mr. Haynes likes to stay active, is an avid tennis player, and often travels to different areas around the state.

9. Mr. Haynes is therefore a member of a protected class under the ADA, 42 U.S.C.

3

§ 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.

10. Defendant American Pizza Partners, LP is, and at all times relevant hereto has been, a Delaware corporation, doing business in Texas as the owner, lessee, and/or operator of dozens of Pizza Hut restaurants. Defendant American Pizza Partners, LP's principal place of business is located at 7700 East Polo Drive, Wichita, Kansas 67206.

11. The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as DOES 1 through 25, are unknown to Plaintiff at this time. Mr. Haynes will amend this Complaint to assert their true names and capacities when known. He is informed and believes, and thereon asserts, that each of the fictitiously-named Defendants is responsible in some manner for the occurrences asserted in this Complaint.

12. Mr. Haynes asserts that Defendants, including DOE Defendants, and each of them at all times mentioned in this Complaint were the alter egos, affiliates, agents and/or employees and/or employers of their Co-Defendants, under shared management, ownership, and common control of each other, and part of a single franchise group, and in doing the things asserted in this Complaint were acting within the course of such agency, affiliation, shared management, ownership, control, and/or employment and with the permission and consent of their CoDefendants.

13. Mr. Haynes is further informed and believes, and based thereon asserts, that Defendants collectively own, lease, and/or operate ninety (90) Pizza Hut restaurants in the states of Colorado, Louisiana, Montana, Oklahoma, Texas, and Wyoming, as described herein.

14. Defendants' facilities are places of public accommodation as defined in 42 U.S.C. §12181(7) and are therefore subject to the requirements of the ADA.

///

FACTUAL ASSERTIONS

Mr. Haynes Has Been Denied Full and Equal Access to Defendants' Facilities

15.	Mr. Haynes visited Defendants' facilities located at 928 Austin Avenue, Georgetown, Texas, on March 3, 2025, where he experienced unnecessary difficulty and risk of physical harm exiting and entering his vehicle and navigating the facilities due to the unlawful sloping conditions in Defendants' purportedly accessible parking areas. Specifically, the parking facilities featured excessive sloping conditions which violated federal regulations, as set forth in more detail below.

16.	Despite the inaccessible conditions present at Defendants' facilities, Plaintiff plans to return to the facilities as he often travels to the area for a variety of reasons. On March 3, 2025, Mr. Haynes traveled through the area to visit a friend and stopped at Defendants' facility for lunch. Mr. Haynes regularly travels to the area to visit his friend and to visit a family that he has worked with to provide help for children with disabilities. In addition, Mr. Haynes resides nearby and due to the convenience of the restaurant location, intends to visit Defendants' facilities at least once a month. Furthermore, he intends to return to Defendants' facility to ascertain whether it remains in violation of the ADA.

17.	As a result of Defendants' non-compliance with the ADA, Mr. Haynes' ability to access and safely use Defendants' facilities has been significantly impeded and he will be deterred from returning to and fully and safely accessing Defendants' facilities due to the discrimination he has previously encountered there.

///

Defendants Repeatedly Deny Individuals with Disabilities

Full and Equal Access to Defendants' Facilities

18. As the owner and/or operator of their facilities, Defendants employ centralized policies, practices, and/or procedures with regard to the alteration, maintenance, and operation of their facilities.

19. Mr. Haynes is informed and believes, and based thereon alleges that, as a Pizza Hut franchisee, pursuant to franchise agreements, Defendants utilize an Operations Manual (the "Manual") issued by the franchisor. Exemplars of the franchise agreements are publicly available, and it is Plaintiff's belief that the actual signed franchise agreements between Defendants and Pizza Hut are within the possession and control of the Defendants.

20. Pursuant to the franchise agreements, Defendants are required to follow all of the agreement's instructions, requirements, standards, specifications, and procedures at each of their locations, including those setting management, administration, and maintenance policies, practices, and procedures related to exterior maintenance, and in maintaining the exterior of the facilities "in first class condition and repair, and in compliance with all applicable laws, rules, regulations and our Brand Standards," including compliance with the ADA and the architectural guidelines promulgated under the ADA. Plaintiff is further informed and believes that, pursuant to the franchise agreements, Defendants are required to remain current with restaurant buildings, parking lots, and landscaped area maintenance and/or asset upgrade obligations. Additionally, Plaintiff is informed and believes and based thereon alleges that the Pizza Hut's franchise agreements require periodic remodeling, redecoration, structural changes, and modifications to the restaurants every fifth to tenth year.

21. Pursuant to the franchise agreements, Defendants are required to designate a "Qualified Operator" to supervise the operation of Defendants' restaurants within designated

market areas. Due to the high number of locations and geographic distances, Defendants manage compliance with their centralized policies, practices, or procedures concerning their maintenance obligations, and obligations to maintain, repair, and/or replace features within their Parking Areas, through the Qualified Operators, who supervise Area Coaches, who in turn directly supervise District Managers, and then individual restaurant managers. Plaintiff is informed and believes—based upon the exemplar franchise agreements, Defendants job postings, LinkedIn pages—that collectively, these positions constitute the "Qualified Operator" charged with overseeing operations of Defendants' restaurants for compliance with Pizza Hut's policies through regular and complete inspections of Defendants' restaurants.

22. Defendants' centralized maintenance and operational policies, practices, and/or procedures have systematically and routinely resulted in excessive sloping conditions in the Parking Areas of Defendants' facilities, in violation of the ADA and its implementing regulations.

23. On Plaintiff's behalf, field investigators examined multiple locations that Plaintiff is informed and believes are owned, controlled, and/or operated by Defendants, and found the following violations which are illustrative of the fact the Defendants' existing policies, practices, and/or procedures are discriminatory, unreasonable, inadequate, and routinely result in excessive sloping conditions in the Parking Areas:

    a.     1711 West 2nd Street, Gillette, Wyoming

        i.     The purportedly accessible curb ramp projected into an access aisle[1].

    b.     3040 Busch Street, Butte, Montana

---

[1] Pursuant to the 2010 Standards, curb ramps cannot project into parking spaces or access aisles. See, 36 C.F.R. part 1191, § 406.5. The 2010 Standards continued the 1991 Standards without change. See, Appendix D to 28 C.F.R. Part 36, § 4.7.6, §4.7.8.

      i.      The purportedly accessible curb ramp projected into an access aisle;

      ii.     The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had slopes exceeding 2.1%[2].

  c.    1110 South Magnolia Street, Woodville, Texas

      i.      The purportedly accessible curb ramp projected into an access aisle.

  d.    2103 North Main Street, Taylor, Texas

      i.      The purportedly accessible curb ramp projected into an access aisle.

  e.    928 North Austin Avenue, Georgetown, Texas

      i.      The purportedly accessible curb ramp projected into an access aisle.

  f.    Neil Street & Highway 35, Belton, Texas

      i.      The purportedly accessible curb ramp projected into an access aisle

  g.    603 North General Bruce Drive, Temple, Texas

      i.      The purportedly accessible curb ramp projected into an access aisle;

      ii.     The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had slopes exceeding 2.1%.

24.    As evidenced by the widespread excessive sloping conditions present in the Parking Areas of Defendants' facilities, absent a change in Defendants' existing policies, practices and/or procedures, excessive sloping conditions will continue to reoccur in Defendants' facilities even after they have been remediated.

---

[2] Pursuant to the ADAAG 2010 Standards, parking spaces or access aisles may not have slopes steeper than 1:48, i.e., 2.1%. See, 36 C.F.R. part 1191, § 502.4. The 2010 Standards continued the 1991 Standards without change. See, Appendix D to 28 C.F.R. Part 36, § 4.6.3.

///

## JURISDICTION AND VENUE

25. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

26. Mr. Haynes' claims asserted herein arose in this judicial district, and Defendants do substantial business in this judicial district.

27. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## CLASS ASSERTIONS

28. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) on behalf of himself and the following nationwide class:

> All wheelchair users with qualified mobility disabilities who encountered excessive sloping conditions within the Parking Areas of any American Pizza Partners, LP, and DOES 1 to 25 locations.

29. <u>Numerosity</u>: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court and will facilitate judicial economy.

30. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

31. <u>Common Questions of Fact and Law</u>: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of,

Defendants' facilities and/or services due to Defendants' failure to make their facilities fully accessible and independently usable as above described.

32. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class members. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class, and he has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

33. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

<u>SUBSTANTIVE VIOLATION</u>

VIOLATION OF THE ADA, TITLE III

[42 U.S.C. §§ 12101, et seq.]

(Against all Defendants)

34. Plaintiff restates each and every assertion set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

35. At all times relevant to this action, Plaintiff has been substantially limited in the major life activity of mobility. Accordingly, he is an individual with a disability defined by the ADA, 42 U.S.C. § 12102(2).

36. Defendants own, lease, and/or operate restaurants that are places of public accommodation as defined under Title III of the ADA. 42 U.S.C. § 12181(7)(F).

37. Plaintiff is informed and believes, and based thereon asserts, that Defendants' facilities were altered, designed, or constructed after the effective date of the ADA.

38. The ADA and the franchise agreements require the accessible features of Defendants' facilities, which include Parking Areas of its facilities, to be maintained so that they are readily accessible to and usable by individuals with mobility disabilities.

39. The architectural barriers described above demonstrate that Defendants' facilities were not constructed or altered in a manner that caused them to be readily accessible to and usable by individuals who use wheelchairs in the first instance and/or after that were not maintained or operated to ensure that they remained accessible to and usable by individuals who use wheelchairs.

40. Furthermore, the architectural barriers described above demonstrate that Defendants have failed to remove barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

41. Defendants' repeated and systemic failures to remove architectural barriers, to maintain the accessible features of their facilities, and/or modify its existing policies, practices and/or procedures to ensure compliance with the sloping requirements of the ADA's implementing regulations once constructed constitute unlawful discrimination on the basis of a disability in violation of Title III of the ADA.

42. Defendants' conduct is ongoing and continuous, and Defendants' conduct has harmed Plaintiff.

43. Unless Defendants are restrained from continuing their ongoing and continuous course of conduct, Defendants will continue to violate the ADA and inflict injury upon Plaintiff and the class.

44. Remediation of Defendants' facilities is readily achievable and can be accomplished and carried out without significant difficulty or expense due to the straightforward

nature of the necessary modifications. The necessary modifications are low cost, and Defendants have the financial resources to complete them.

45. Given that Defendants have not complied with the ADA's requirements to make Defendants' facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiff invokes his statutory rights to declaratory and prospective injunctive relief, as well as costs and attorneys' fees.

## PRAYER FOR DECLARATORY JUDGMENT AND PROSPECTIVE INJUNCTIVE RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the Class, prays for:

a. A declaratory judgment that Defendants are in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendants' facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.501(b) that (i) directs Defendants to take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, individuals who use wheelchairs; (ii) directs Defendants to modify their existing policies, practices and/or procedures to prevent the reoccurrence of excessive sloping conditions in the Parking Areas of its facilities post-remediation; and (iii) directs that Plaintiff shall monitor Defendants' facilities to ensure that the injunctive relief ordered above remains in place.

c. An Order certifying the class proposed by Plaintiff, naming Plaintiff as class representative, and appointing his counsel as class counsel;

d. Payment of costs of suit;

e. Payment of reasonable attorneys' and monitoring fees pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505; and

f. The provision of whatever other relief the Court deems just, equitable, and appropriate.

///
Dated: December 22, 2025					Respectfully Submitted,


                                          Benjamin J. Sweet
                                        NYE, STIRLING, HALE, MILLER & SWEET, LLP
                                        101 Pennsylvania Boulevard, Suite 2
Pittsburgh, PA 15228 Phone: 412-857-5352
ben@nshmlaw.com


Jordan T. Porter
NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 West Mission Street, Suite 201
Santa Barbara, CA 93101 Phone: 805-963-2345
jordan@nshmlaw.com

/s/ John D. Bosco_____
John D. Bosco
BOSCO BLESS PLLC
State Bar No. 24045533
13101 Preston Road, Suite 10
Dallas, Texas 75240 Phone: (214) 997-4434
john@boscobless.com

Counsel for Plaintiff and the Class